UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JAMES E. WILSON et al.                                                                    PLAINTIFF

v.                                                      CIVIL ACTION NO. 4:09CV-P82-M

DAVID OSBORNE                                                                            DEFENDANT

## MEMORANDUM OPINION

Plaintiffs, James E. Wilson, Jeffrey L. Stevens, and Michael Satawake, Jr., filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiffs sue Jailer David Osborne, Daviess County Detention Center (DCDC), in his individual and official capacity. Plaintiffs state that DCDC has no fire sprinkler system or fire extinguishers close to the cells, which they allege puts them at risk of harm if a fire was to take place. They further state that there are no exit or flood lights to provide direction from inside the cells in case of emergency and that Defendant should know this because he is the jailer and oversees inmate protection. They further allege that Defendant and his deputies never practice fire or tornado drills. Also, they allege that the shower areas have black mold growing on the walls and around the fresh air vents. The complaint further states: "I feel that it is hazardous to my health due to the fact I have to breath the air in and come into contact with the walls while takeing a shower." Plaintiffs also state that they are not provided access to a legal library. As relief, Plaintiffs want monetary and punitive damages and to be transferred.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A. Fire safety**

As a general principle, a prison official has a duty under the Eighth Amendment to ensure the "reasonable safety" of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828. A prison official is liable for failing to protect an inmate when a plaintiff proves that, "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Construing the complaint broadly, as the Court is required to do at this stage, *Boag*, 454

2

U.S. at 365, the Court will allow Plaintiffs' individual and official-capacity claims for monetary damages and injunctive relief concerning the lack of fire sprinklers, fire extinguishers, exit or flood lights, and safety drills to go forward for further development against Defendant Osborne.

**B. Mold**

"[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994). The allegedly deficient conditions of confinement must constitute a "serious deprivation of basic human needs" such as food, medical care, or sanitation. *Rhodes*, 452 U.S. at 347-48. Because sanitation is one of life's necessities, the Court will allow Plaintiffs' Eighth Amendment claims regarding sanitation to go forward.

**C. Library**

Prisoners have a First and Fourteenth Amendment right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). However, "'[m]eaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 351 (1996) (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Plaintiffs have alleged no such injury in their complaint. Therefore, Plaintiffs fail to state a cognizable constitutional claim in being denied access to a law library, and the individual and

official-capacity claims against Defendant alleging such denial will be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order governing the development of the claims which will be permitted to proceed and will enter a separate Order dismissing all other claims.

Date:


cc: Plaintiffs, *pro se*
 Defendant
 Daviess County Attorney
4414.009