UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JAMES E. WILSON et al.                                                                                    PLAINTIFFS

v.                                                            CIVIL ACTION NO. 4:09CV-P82-M

DAVID OSBORNE                                                                                             DEFENDANT

## MEMORANDUM OPINION & ORDER

Plaintiffs, James E. Wilson, Jeffrey L. Stevens, and Michael Satawake, Jr., filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). Plaintiffs Wilson and Satawake have been dismissed from this case for failure to prosecute. Only Plaintiff Stevens (hereinafter Plaintiff) remains in the action.

Defendant has filed a motion for summary judgment (DN 30). Plaintiff has failed to file a response. For the reasons set forth below, the motion will be granted, and the action will be dismissed.

## I. FACTS

Plaintiff sued Jailer David Osborne, Daviess County Detention Center (DCDC), alleging that DCDC has no fire sprinkler system or fire extinguishers close to the cells, putting him at risk of harm if a fire was to take place. Plaintiff further stated that there are no exit or flood lights to provide direction from inside the cells in case of emergency and that Defendant should know this because he is the jailer and oversees inmate protection. Plaintiff further alleged that Defendant and his deputies never practice fire or tornado drills. Also, Plaintiff alleged that the shower areas have black mold growing on the walls and around the fresh air vents. The complaint stated: "I feel that it is hazardous to my health due to the fact I have to breath the air in and come into contact with the walls while takeing a shower."

## II. ANALYSIS

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted, citing FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that

2

would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

Defendant argues that he is entitled to summary judgment because Plaintiff did not exhaust the administrative grievance procedures. He also argues that there are no fire code violations or exposure to any risk for mold.

Defendant Osborne has submitted his affidavit. He avers that DCDC has a grievance procedure which Plaintiff did not comply with in regard to the allegations made in the complaint. He further avers that DCDC has a written policy regarding fire prevention regulations, emergency drills, inspection, and evacuation planning and that there is an emergency fire policy. He also avers that at all pertinent times Plaintiffs were housed in building one at DCDC, which is protected by a fire suppression system including a sprinkler system. That system is inspected annually. He further avers that DCDC has emergency plans in place in the event an evacuation is required; that there are fire extinguishers throughout the building; that there are exit and emergency lighting; and that the DCDC was built in accordance with county and state building

codes. He also avers that inmates are given cleaning supplies on a daily basis, including spray bleach, and that maintenance teams can clean inmate areas. Defendant also attaches a copy of the DCDC grievance procedure and the inmate hand book; Kentucky written policy and procedures specifying fire prevention regulations, emergency drills, inspection, and evacuation plan; and a September 14, 2009, fire sprinkler system inspection.

"In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2). Because the Court finds that Plaintiff's claim fails to state a claim upon which relief can be granted, the Court finds that dismissal without prejudice for failure to exhaust is not necessary.

As a general principle, a prison official has a duty under the Eighth Amendment to ensure the "reasonable safety" of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828. A prison official is liable for failing to protect an inmate when a plaintiff proves that, "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994). The allegedly deficient

conditions of confinement must constitute a "serious deprivation of basic human needs" such as food, medical care, or sanitation. *Rhodes*, 452 U.S. at 347-48.

Defendant has shown by his affidavit and other documents attached to his motion for summary judgment that he has complied with his duty under the Eighth Amendment to ensure the "reasonable safety" of the inmates at DCDC regarding risk from fire and from mold; therefore, there is no Eighth Amendment violation. *See Farmer v. Brennan*, 511 U.S. at 844.

Plaintiff has failed to refute Defendant's arguments and has also failed to demonstrate the existence of genuine issues of material fact as he is required to do by FED. R. CIV. P. 56(e)(2). Therefore, Defendant is entitled to judgment as a matter of law.

## III. CONCLUSION

The motion for summary judgment (DN 30) is **GRANTED**. Plaintiff's claims are **DISMISSED**.

Date:

cc:    Plaintiff Stevens, *pro se*
       Counsel of record
4414.009